**WO**                              NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brian Edward Malnes, | No. CV-16-08128-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Education, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion to Allow Time for Discovery under Rule 56(d) (Doc. 39), which is duplicative of Plaintiff's identical request in his Response (Doc. 29) to Defendants' Motion to Dismiss (Doc. 26, MTD). In his filings (Docs. 29, 39), Plaintiff requests leave to conduct discovery to oppose Defendants' Motion to Dismiss. To the extent Defendants bring their Motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the sovereign discretionary immunity doctrine:

> [a] district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits. In such circumstances, no presumption of truthfulness attaches to plaintiff's allegations. However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party in entitled to prevail as a matter of law. Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact.

1  *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

2  In his Complaint, Plaintiff brings claims under the Federal Tort Claims Act and
3  the Family Educational Rights and Privacy Act based on allegations that Defendants did
4  not properly handle the claims he filed with them. (Doc. 1.) To the extent Defendants
5  move to dismiss this action for lack of subject matter jurisdiction, one of Defendants'
6  arguments is that Plaintiff's claim under the Federal Tort Claims Act is barred by the
7  doctrine of sovereign discretionary immunity. (MTD at 10.) That is, they contend the
8  facts show that their actions involved an exercise of judgment and thus were
9  discretionary and that their decisions were based on public policy considerations, such
10 that they are immune from suit. (MTD at 10-11.)

11 The resolution of Plaintiff's claims and the question of Defendants' sovereign
12 discretionary immunity in this instance both involve an evaluation of Defendants'
13 conduct in handling Plaintiff's claims. As a result, to resolve the sovereign discretionary
14 immunity aspect of Defendants' Motion, the Court must apply the summary judgment
15 standard and examine whether a genuine dispute of material jurisdictional fact exists. The
16 Court cannot meaningfully conduct such an examination, however, until Plaintiff has had
17 an opportunity to conduct discovery. As a result, when the Court rules on Defendants'
18 Motion to Dismiss, the Court will deny the request to dismiss for lack of jurisdiction
19 under the sovereign discretionary immunity doctrine with leave to refile once discovery
20 has been completed.

21 To the extent Defendants assert other grounds to dismiss Plaintiff's claims in their
22 Motion to Dismiss, including under Federal Rule of Civil Procedure 12(b)(6) for failure
23 to state a claim, the Court need only rely on the Complaint and judicially-noticed
24 materials outside the Complaint to resolve the Motion. The parties are thus not entitled to
25 discovery prior to the Court's resolution of those aspects of the Motion. Accordingly, the
26 Court will hear oral argument, as requested by Plaintiff (Doc. 29), on the other aspects of
27 Defendants' Motion to Dismiss (Doc. 26).

28 **IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's

Motion to Allow Time for Discovery under Rule 56(d) (Doc. 39). Plaintiff may conduct discovery prior to the Court's resolution of Defendants' Motion to Dismiss with respect to Defendants' sovereign discretionary immunity argument.

**IT IS FURTHER ORDERED** setting oral argument on the balance of Defendants' Motion to Dismiss (Doc. 26), on **January 24, 2017**, at **2:00 p.m.**, before District Judge John J. Tuchi in Courtroom 505, 401 W. Washington Street, Phoenix, AZ 85003.

Dated this 20th day of December, 2016.

Honorable John J. Tuchi
United States District Judge