# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Edward Malnes, | No. CV-16-08128-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Education, *et al.*, | |
| Defendants. | |

At issue are Defendants' Motion to Dismiss (Doc. 47), in response to which *pro se* Plaintiff Brian Malnes filed a Motion to Strike (Doc. 49), Motion for Sanctions (Doc. 50), and Motion for Extension of Time to Complete Discovery (Doc. 51). Defendants responded to Plaintiff's Motions collectively (Doc. 54), and Plaintiff then filed a second Amended Complaint (Doc. 55). Defendants moved to strike the second Amended Complaint (Doc. 57), to which Plaintiff filed a Response (Doc. 58), and Defendants filed a Reply (Doc. 60). Two months after these Motions were fully briefed, Plaintiff filed a Statement of Facts (Doc. 61). The Court deems these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

## I. BACKGROUND

Plaintiff filed the Complaint in this action on June 17, 2016 (Doc. 1), claiming Defendants are liable for violations of the Federal Tort Claims Act (FTCA) and the Family Educational Rights and Privacy Act (FERPA) for the manner in which the Department of Education's Office of Civil Rights and Family Policy Compliance Office

handled his claims to those Offices. The Court granted Defendants' Motion to Dismiss Plaintiff's claims in an Order (Doc. 41) and subsequent hearing (Doc. 44), but permitted Plaintiff to file an Amended Complaint.

In the Amended Complaint (Doc. 45), Plaintiff brings claims under several sections of the United States Criminal Code as well as *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), based on the same allegations as the Complaint contained. The Court now addresses Defendants' Motion to Dismiss (Doc. 47) the Amended Complaint, as well as the four Motions that followed (Docs. 49, 50, 51, 57).

## II. MOTION TO DISMISS AMENDED COMPLAINT

A complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Plaintiff did not file a Response to Defendants' Motion to Dismiss (Doc. 47), even though the Court entered an Order (Doc. 48) specifically requiring Plaintiff to file a Response by April 10, 2017, and noting that Plaintiff's failure to file a responsive memorandum to the Motion to Dismiss would result in the summary granting of Defendants' Motion. By filing a Motion to Strike, Motion for Sanctions, and Motion for

Extension of Time to Complete Discovery, but no Response to the Motion to Dismiss, Plaintiff did not meet any of Defendants' substantive arguments. Defendants are thus entitled to summary disposition of the Motion to Dismiss under Local Rule 7.2(i). Indeed, as the Court discusses more fully below, Plaintiff subsequently filed another Amended Complaint (Doc. 55) that no longer contained the claims identified in the prior Amended Complaint (Doc. 45)—a constructive concession that Plaintiff failed to state a claim in the Amended Complaint. Nonetheless, considering Plaintiff's *pro se* status, the Court will briefly discuss the merits of Plaintiff's claims.

In the Amended Complaint, Plaintiff alleges the Court has jurisdiction under 18 U.S.C. §§ 241-242. These statutes are part of the United States criminal code, and they do not provide a plaintiff with a private right of action in a civil case. These statutes thus provide no basis for the Court's jurisdiction in this case. *See Allen v. Gold Cnty. Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

Plaintiff also attempts to raise a *Bivens* claim against Defendants Department of Education (DOE) and several of its employees. *See* 403 U.S. at 388. To the extent Plaintiff attempts to sue the DOE and its employees in their official capacities, the claim fails as a matter of law. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). To the extent Plaintiff attempts to sue the employees in their individual capacities, a special factor entitles the individual Defendants to dismissal of Plaintiff's claims, namely, that FERPA and § 504 of the Rehabilitation Act, which the DOE Office of Civil Rights and Family Policy Compliance Office (and their employees, including the individual Defendants) are charged with enforcing, are comprehensive statutory schemes with adequate remedial mechanisms, making *Bivens* remedies unavailable. *See Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988); *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004). Though Defendants also argue that the individual Defendants would, in any event, be entitled to qualified immunity and that the allegations in the Amended Complaint are insufficient to make a

*Bivens* claim plausible, the Court need go no further. Plaintiff's *Bivens* claims against Defendants fail as a matter of law, and the Court must dismiss them with prejudice.

### III. PLAINTIFF'S REACTIVE MOTIONS

In lieu of filing a Response to Defendants' Motion to Dismiss, Plaintiff filed three Motions, which the Court will now address in turn.

Plaintiff first asks the Court to strike Defendants' Motion to Dismiss (Doc. 49) because Defendants did not meet and confer with Plaintiff prior to filing it, which Plaintiff alleges violated a prior Order of the Court (Doc. 8). But the Court's prior Order (Doc. 8) requires Defendants to meet and confer with Plaintiff prior to filing a Rule 12(b) motion only if the alleged defect can be cured by an amended pleading. Defendants' proposed bases for dismissal identified defects that cannot be cured by amending the claims in the Amended Complaint, as the Court noted above. Thus, Defendants were not required to meet and confer with Plaintiff prior to filing the Motion to Dismiss.

Second, Plaintiff asks the Court to strike the Motion to Dismiss (Doc. 49) because it was not accompanied by a separate statement of facts. As the Court already explained in a prior Order (Doc. 38), no Federal Rule of Civil Procedure or Local Rule requires that a Rule 12 motion to dismiss include a separate statement of facts. The standard at the motion to dismiss stage is favorable to Plaintiff, because the Court generally deems the allegations in Plaintiff's claim as true for purposes of determining whether Plaintiff has stated a claim. Moreover, the parties in this matter have not yet held a Federal Rule of Civil Procedure 26(f) discovery planning conference and the Court has not yet held a Federal Rule of Civil Procedure 16 scheduling conference, so any discovery in this matter is in its infancy. Plaintiff's eventual filing of a Statement of Facts (Doc. 61) on the docket was inappropriate because it was premature in terms of the Court's consideration of evidence in this case and untethered to any Motion or Response filed by Plaintiff— indeed, Plaintiff filed it two months after all of the present pending Motions were fully briefed. For these reasons, the Court will deny Plaintiff's Motion to Strike (Doc. 49) and did not consider Plaintiff's later-filed Statement of Facts (Doc. 61).

Plaintiff also filed a Motion for Sanctions (Doc. 50) in conjunction with the Motion to Strike, and a Motion for Extension of Time to Complete Discovery (Doc. 51). For the reasons stated above, the Court will also deny these Motions.

**IV.  PLAINTIFF'S UNAUTHORIZED SECOND AMENDED COMPLAINT**

After the briefing on Defendant's Motion to Dismiss was complete, such that it was, Plaintiff filed another version of the Complaint, also titled "Amended Complaint" (Doc. 55)—which the Court will refer to as the "Second Amended Complaint" for the sake of clarity. The Second Amended Complaint alleges new theories of causes of action against Defendants in place of those raised in the prior Amended Complaint (Doc. 45).

A party may amend a complaint once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotations omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotations omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotations omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, the period in which Plaintiff could have amended the Complaint as a matter of course has long passed. As a result, absent Defendants' written consent, Plaintiff was

obligated to file a motion to amend demonstrating that the proposed amendments are not futile and do not cause undue delay or otherwise prejudice Defendants.

In addition, Local Rule 15.1(a) requires a party moving for leave to amend a complaint to attach a copy of the proposed amended complaint as an exhibit to the motion, "which must indicate in what respect it differs from the pleading it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff's Second Amended Complaint (Doc. 55) does not comply with these provisions.

Moreover, the filing of the Second Amended Complaint does not obviate the requirement for Plaintiff to respond to a pending Motion to Dismiss (Doc. 47), particularly where, as here, Plaintiff makes no effort to explain how the Second Amended Complaint addresses the defects in the Amended Complaint identified in Defendants' Motion. If anything, the fact that Plaintiff filed a Second Amended Complaint (Doc. 55) that raises different claims against Defendants leads the Court to the conclusion that Plaintiff consents to the dismissal of the Amended Complaint (Doc. 45)—though the Court need not rely solely on this conclusion, considering the Court's determination, above, that Plaintiff's claims in the Amended Complaint have no merit.

While the Court would be justified in striking the unauthorized Second Amended Complaint (Doc. 55) for Plaintiff's myriad failures in filing it, the Court will, in the interest of efficiency, evaluate whether the new claims have merit. Indeed, Defendants styled their Motion to Strike (Doc. 57) the Second Amended Complaint, in the alternative, as a Response to an Implied Motion to Amend.

In the Second Amended Complaint, Plaintiff now alleges that the Court has jurisdiction pursuant to the 5th and 14th Amendments to the Constitution, and that Defendants are liable under the due process clause of the 5th Amendment and "the Tucker Act, which allows the Plaintiff to sue the United States for [breach] of contract." (Doc. 55.) The manner in which a plaintiff may sue a federal official for a constitutional violation, if at all, is a *Bivens* action, which, as the Court already noted, is not available to Plaintiff in this case based on the alleged actions of Defendants.

Plaintiff's Tucker Act[1] claim also fails. "In order to invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States." *James v. Caldera*, 159 F.3d 573 580 (Fed. Cir. 1998). In the Second Amended Complaint, Plaintiff states he is entitled to damages under the 5th and 14th Amendments, but he identifies no money-mandating law that would support a claim for money damages against the government, such that he can plausibly bring a Tucker Act claim against Defendants. Plaintiff's proposed Second Amended Complaint is thus futile.

For all of the foregoing reasons, the Court will grant Defendants' Motion to Strike the Second Amended Complaint. Moreover, the Court finds that the defects in Plaintiff's claims in the Amended Complaint and Second Amended Complaint cannot be cured by amendment. As a result, the Court must dismiss Plaintiff's claims against Defendants with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

IT IS THEREFORE ORDERED granting Defendants' Motion to Dismiss (Doc. 47) and dismissing Plaintiff's claims against Defendants with prejudice.

IT IS FURTHER ORDERED denying Plaintiff's Motion to Strike (Doc. 49).

IT IS FURTHER ORDERED denying Plaintiff's Motion for Sanctions (Doc. 50).

IT IS FURTHER ORDERED denying Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 51).

IT IS FURTHER ORDERED granting Defendants' Motion to Strike (Doc. 57) and striking Plaintiff's Second Amended Complaint (Doc. 55).

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] To the extent Plaintiff means to bring a claim under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), this Court would not have jurisdiction, since Plaintiff seeks $35 million in damages from the government, far more than the $10,000 jurisdictional limit. (*See* Doc. 55.)

IT IS FURTHER ORDERED that, because all of Plaintiff's claims against Defendants are dismissed with prejudice, the Clerk shall enter final judgment and close this matter.

Dated this 30th day of June, 2017.

Honorable John J. Tuchi
United States District Judge